**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGES FOR TEACHER EDUCATION, *et al.,* | |
| *Plaintiffs,* | |
| v. | Civil Action No  1:25-cv-00702-JRR |
| LINDA MCMAHON, AS SECRETARY OF EDUCATION, *et al.,* | |
| *Defendants.* | |

**NOTICE OF SUPPLEMENTAL DECLARATIONS IN
SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY
RESTRAINING ORDER / PRELIMINARY INJUNCTION**

Plaintiffs file this Notice of Supplemental Declarations in Support of their Motion for Temporary Restraining Order/Preliminary Injunction. The following Supplemental Declarations are attached hereto:

a) <u>Exhibit A:</u> Supplemental Declaration of Kathlene Campbell on Behalf of National Center for Teacher Residencies;

b) <u>Exhibit B:</u> Supplemental Declaration of Heather Kirkpatrick on Behalf of Alder Graduate School of Education;

c) <u>Exhibit C:</u> Supplemental Declaration of Sarah Johnson on Behalf of Teaching Lab; and

d) <u>Exhibit D:</u> Supplemental Declaration of Carolyn Parker on Behalf of American University.

Dated: March 6, 2025     Respectfully Submitted,

         */s/ Joshua W.B. Richards*
         Joshua W.B. Richards (*Admitted Pro Hac Vice*)
         Carolyn M. Toll (*Admitted Pro Hac Vice*)
         SAUL EWING LLP
         1500 Market Street, 38th Floor
         Philadelphia, Pennsylvania 19102
         Tel: (215) 972-7737
         joshua.richards@saul.com
         carolyn.toll@saul.com

         Daniel M. Moore (Bar No. 21834)
         SAUL EWING LLP
         1001 Fleet Street, Ninth Floor
         Baltimore, Maryland 21202-4359
         Telephone: (410) 332-8734
         Facsimile: (410) 332-8862
         daniel.moore@saul.com

         *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of March, 2025, **Plaintiffs' Notice of Supplementary Declarations in Support of Their Motion for Temporary Restraining Order/Preliminary Injunction and Exhibits of Supplemental Declarations** was filed with the Clerk of the Court by using the CM/ECF system. I certify that the following counsel of record are registered as ECF filers and that they will be served by the CM/ECF system:

**Molissa Heather Farber**
US Attorney's Office District of MD
36 S Charles St, 4th Fl
Baltimore, MD 21201
410-209-4862
molissa.farber@usdoj.gov

*Attorney for Defendants*

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGES FOR TEACHER EDUCATION, *et al.,* | |
| *Plaintiffs*, | |
| v. | Civil Action No  1:25-cv-00702-JRR |
| LINDA MCMAHON, AS SECRETARY OF EDUCATION, *et al.,* | |
| *Defendants*. | |

**SUPPLEMENTAL DECLARATION OF KATHLENE CAMPBELL, PH.D., IN
SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER /
PRELIMINARY INJUNCTION**

I, Kathlene Campbell, Ph.D., declare and state under penalty of perjury the following:

1.      I am the Chief Executive Officer of the National Center for Teacher Residencies ("NCTR"), one of the plaintiffs in this case.

2.       I am over the age of 18, and I am competent in all respects to testify to the matters below.  I understand that this Supplemental Declaration is for use in connection with the above-captioned civil action, and I make this Supplemental Declaration based upon my own personal knowledge and my review of the NCTR's business records.

3.      Prior to the termination of NCTR's Supporting Effective Educator Development program ("SEED") grant on February 10, 2025, NCTR was able to draw down funds from the grant award based on the allowable, allocable, and reasonable costs approved in the grant budget without prior approval.

4.      At no point in time was there a change in risk status for NCTR, as its SEED grant was not terminated for cause.

5.      After NCTR's grant was terminated, the Department added, without notice or process, a special condition to NCTR's grant requiring prior approval from the Department for NCTR to draw down funds. This special condition is referred to as "route pay."

6.      From the date of termination to the present date, NCTR's grant has been and remains in "route pay" status. This means that NCTR is not able to draw down allowable costs without pre-approval, a condition that did not exist prior to termination.

7.      Prior to putting NCTR's grant on route pay status, the Department did not provide notice to NCTR as to any of the following: (1) The nature of the additional requirements; (2) The reason why the additional requirements are being imposed; (3) The nature of the action needed to remove the additional requirement; (4) The time allowed for completing the actions if applicable; and (5) The method for requesting reconsideration of the additional requirements imposed.

8.      As a grantee, NCTR is eligible for costs that were properly incurred before its grant termination date and costs that would not have occurred if the grant was not terminated.

9.      However, with the grant in route pay status, NCTR has had, and will continue to have, delays in receiving its grant funds.

10.     Further, despite requests from NCTR, the Department has not informed NCTR who it can contact in order to obtain approval to be reimbursed for items that were already approved in the grant budget. NCTR sent an email to the Department on February 13, 2025 to inquire who NCTR can contact regarding steps to be reimbursed, and to date, the Department has not provided the requested contact information.

11.     NCTR is also concerned that the route pay status adds unwarranted subjectivity to already approved costs, potentially preventing its ability to receive grant funds NCTR is legally entitled to.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the  5  day of March, 2025

By: _Kathlene H. Campbell_____
Kathlene Campbell, Ph.D.

# Exhibit B

cIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

AMERICAN ASSOCIATION OF COLLEGES
FOR TEACHER EDUCATION, *et al.,*

          *Plaintiffs*,

v.

LINDA MCMAHON,
AS SECRETARY OF EDUCATION, *et al.*,

          *Defendants*.

Civil Action No 1:25-cv-00702-JRR

**SUPPLEMENTAL DECLARATION OF HEATHER KIRKPATRICK, PH.D., IN
SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER /
<u>PRELIMINARY INJUNCTION</u>**

I, Heather Kirkpatrick, Ph.D., declare and state under penalty of perjury the following:

1.     I am the President and Chief Executive Officer at Alder Graduate School of Education ("Alder GSE").

2.     I am over the age of 18, and I am competent in all respects to testify to the matters below. I understand that this Supplemental Declaration is for use in connection with the above-captioned civil action, and I make this Supplemental Declaration based upon my own personal knowledge and my review of Alder Graduate School of Education's business records.

3.     Prior to the termination of Alder GSE's two Teacher Quality Partnership program ("TQP") grants on February 13, 2025, Alder GSE was able to draw down funds from the grant awards based on the allowable, allocable, and reasonable costs approved in the grant budgets without prior approval.

4.     At no point in time was there a change in risk status for Alder GSE, as its TQP grants were not terminated for cause.

5.      After Alder GSE's grants were terminated, the Department added, without notice or process, a special condition to both of Alder GSE's TQP grants requiring prior approval from the Department for Alder GSE to draw down funds. This special condition is referred to as "route pay."

6.      From the date of termination to the present date, Alder GSE's grants have been and remain in "route pay" status. This means that Alder GSE is not able to draw down allowable costs without pre-approval, a condition that did not exist prior to termination.

7.      Prior to putting Alder GSE's grants on route pay status, the Department did not provide notice to Alder GSE as to any of the following: (1) The nature of the additional requirements; (2) The reason why the additional requirements are being imposed; (3) The nature of the action needed to remove the additional requirement; (4) The time allowed for completing the actions if applicable; and (5) The method for requesting reconsideration of the additional requirements imposed.

8.      As a grantee, Alder GSE is eligible for costs that were properly incurred before its grant termination date and costs that would not have occurred if the grants were not terminated.

9.      However, with the grants in route pay status, Alder GSE has had, and will continue to have, delays in receiving its grant funds.

10.      Alder GSE has reached out to the Department for information on the timing and process for obtaining approval for the route pay structure and the Department has, to date, been unable to provide any information on the process or the timing. Alder GSE has expenses that were incurred prior to the termination of the grants on February 13, 2025 that were submitted for draw down shortly after the termination date. Those drawdowns have been in pending approval status since then.

11.    Alder GSE is also concerned that the route pay status adds unwarranted subjectivity to already approved costs, potentially preventing its ability to receive grant funds Alder GSE is legally entitled to.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 5th day of March, 2025

By: _Heather Kirkpatrick_

Heather Kirkpatrick, Ph.D.

Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGES FOR TEACHER EDUCATION, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No  1:25-cv-00702-JRR |
| LINDA MCMAHON, AS SECRETARY OF EDUCATION, *et al.*, | |
| *Defendants*. | |

## SUPPLEMENTAL DECLARATION OF DR. SARAH JOHNSON IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION

I, Dr. Sarah Johnson, declare and state under penalty of perjury the following:

1.      I am the Chief Executive Officer of Teaching Lab, and have served in this role since 2018. Teaching Lab is a national not-for-profit corporation with a mission to improve teacher practice and student learning through curriculum-based professional learning and coaching.

2.      I am over the age of 18, and I am competent in all respects to testify to the matters below. I understand that this Supplemental Declaration is for use in connection with the above-captioned civil action, and I make this Supplemental Declaration based upon my own personal knowledge and my review of the Teaching Lab's business records.

3.      Prior to the termination of Teaching Lab's Teacher and School Leader Incentive Program ("TSL") grant on February 18, 2025, Teaching Lab was able to draw down funds from the grant award based on the allowable, allocable, and reasonable costs approved in the grant budget without prior approval.

4.      At no point in time was there a change in risk status for Teaching Lab, as its TSL grant was not terminated for cause.

5.      After Teaching Lab's grant was terminated, the Department added, without notice or process, a special condition to Teaching Lab's grant requiring prior approval from the Department for Teaching Lab to draw down funds. This special condition is referred to as "route pay."

6.      From the date of termination to the present date, Teaching Lab's grant has been and remains in "route pay" status. This means that Teaching Lab is not able to draw down allowable costs without pre-approval, a condition that did not exist prior to termination.

7.      Prior to putting Teaching Lab's grant on route pay status, the Department did not provide notice to Teaching Lab as to any of the following: (1) The nature of the additional requirements; (2) The reason why the additional requirements are being imposed; (3) The nature of the action needed to remove the additional requirement; (4) The time allowed for completing the actions if applicable; and (5) The method for requesting reconsideration of the additional requirements imposed.

8.      As a grantee, Teaching Lab is eligible for costs that were properly incurred before its grant termination date and costs that would not have occurred if the grant was not terminated.

9.      However, with the grant in route pay status, Teaching Lab has had, and will continue to have, delays in receiving its grant funds.

10.     Teaching Lab is also concerned that the route pay status adds unwarranted subjectivity to already approved costs, potentially preventing its ability to receive grant funds Teaching Lab is legally entitled to.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on the ___ day of March, 2025

By: _____

Sarah J. Johnson

Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | |
|---|---|
| AMERICAN ASSOCIATION OF<br>COLLEGES FOR TEACHER<br>EDUCATION, *et al.,*<br><br>       *Plaintiffs*,<br><br>   v.<br><br>LINDA MCMAHON,<br>AS SECRETARY OF EDUCATION, *et al.*,<br><br>       *Defendants*. | Civil Action No  1:25-cv-00702-JRR |

**SUPPLEMENTAL DECLARATION OF CAROLYN PARKER, PH.D. IN SUPPORT OF
APPLICATION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY
INJUNCTION**

I, Carolyn Parker, Ph.D., declare and state under penalty of perjury the following:

1.      I am the Associate Dean for Research, Programs, and Partnerships Director of Graduate Teacher Education and Academic Programs School of Education at American University.

2.       I am over the age of 18, and I am competent in all respects to testify to the matters below. I understand that this Supplemental Declaration is for use in connection with the above-captioned civil action, and I make this Supplemental Declaration based upon my own personal knowledge and my review of the American University's business records.

3.      Prior to the termination of American University's ("AU") Teacher Quality Partnership Program ("TQP") grant on February 12, 2025, AU was able to draw down funds from the grant award based on the allowable, allocable, and reasonable costs approved in the grant budget without prior approval.

4.      At no point in time was there a change in risk status for AU, as its TQP grant was not terminated for cause.

5.      After AU's grant was terminated, the Department added, without notice or process, a special condition to AU's grant requiring prior approval from the Department for AU to draw down funds. This special condition is referred to as "route pay."

6.      From the date of termination to the present date, AU's grant has been and remains in "route pay" status. This means that AU is not able to draw down allowable costs without pre-approval, a condition that did not exist prior to termination.

7.      Prior to putting AU's grant on route pay status, the Department did not provide notice to AU as to any of the following: (1) The nature of the additional requirements; (2) The reason why the additional requirements are being imposed; (3) The nature of the action needed to remove the additional requirement; (4) The time allowed for completing the actions if applicable; and (5) The method for requesting reconsideration of the additional requirements imposed.

8.      As a grantee, AU is eligible for costs that were properly incurred before its grant termination date and costs that would not have occurred if the grant was not terminated.

9.      However, with the grant in route pay status, AU has had, and will continue to have, delays in receiving its grant funds.

10.     AU is also concerned that the route pay status adds unwarranted subjectivity to already approved costs, potentially preventing its ability to receive grant funds AU is legally entitled to.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the __6__ day of March, 2025

By: *Carolyn Parker*
    —————————————————————
    Carolyn Parker Ph.D.