Ensuring the Enforcement of Federal Rule of Civil Procedure 65(c)

The White House

March 11, 2025

MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES

Subject:     Ensuring the Enforcement of Federal Rule of Civil Procedure 65(c)

In recent weeks, activist organizations fueled by hundreds of millions of dollars in donations and sometimes even Government grants have obtained sweeping injunctions far beyond the scope of relief contemplated by the Federal Rules of Civil Procedure, functionally inserting themselves into the executive policy making process and therefore undermining the democratic process.

This anti-democratic takeover is orchestrated by forum-shopping organizations that repeatedly bring meritless suits, used for fundraising and political grandstanding, without any repercussions when they fail.  Taxpayers are forced not only to cover the costs of their antics when funding and hiring decisions are enjoined, but must needlessly wait for Government policies they voted for.  Moreover, this situation results in the Department of Justice, the Nation's chief law enforcement agency, dedicating substantial resources to fighting frivolous suits instead of defending public safety.

The effective administration of justice in the Federal courts depends on mechanisms that deter frivolous litigation, protect parties from unwarranted costs, and streamline judicial processes.  One key mechanism is Federal Rule of Civil Procedure 65(c) (Rule 65(c)), which mandates that a party seeking a preliminary injunction or temporary

*The* WHITE HOUSE

proper to cover potential costs and damages to the enjoined or restrained party if the

injunction is wrongly issued. Consistent enforcement of this rule is critical to ensuring that taxpayers do not foot the bill for costs or damages caused by wrongly issued preliminary relief by activist judges and to achieving the effective administration of justice.

Therefore, it is the policy of the United States to demand that parties seeking injunctions against the Federal Government must cover the costs and damages incurred if the Government is ultimately found to have been wrongfully enjoined or restrained. Federal courts should hold litigants accountable for their misrepresentations and ill-granted injunctions.

Consistent with applicable law, the heads of executive departments and agencies (agencies), in consultation with the Attorney General, are directed to ensure that their respective agencies properly request under Rule 65(c) that Federal district courts require plaintiffs to post security equal to the Federal Government's potential costs and damages from a wrongly issued injunction. The scope of this directive covers all lawsuits filed against the Federal Government seeking an injunction where agencies can show expected monetary damages or costs from the requested preliminary relief, unless extraordinary circumstances justify an exception.

In requests for security under Rule 65(c), agencies shall include, among other things, that:

(a) Rule 65(c) mandates the court to require, in all applicable cases, that a movant for an injunction post security in an amount that the court considers proper to cover potential costs and damages to the enjoined or restrained party;

(b) the security amount the agency is requesting is based on a reasoned assessment of the potential harm to the enjoined or restrained party; and

(c) failure of the party that moved for preliminary relief to comply with Rule 65(c) results in denial or dissolution of the requested injunctive relief.

This memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

        DONALD J. TRUMP