IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AACTE, *et. al.*, | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | No. 25-cv-702 (JRR) |
| | * | |
| McMAHON, *et al.*, | * | |
| | * | |
| DEFENDANTS. | * | |
| | ****** | |

## EMERGENCY MOTION FOR RECONSIDERATION

Defendants respectfully move that the Court reconsider its decision granting in part Plaintiffs' motion for a preliminary injunction. Defendants seek an expedited decision on the instant motion.

1. On March 3, 2025, Plaintiffs filed a Complaint and Motion for Temporary Restraining Order or Preliminary Injunction ("Motion"). ECF 1; ECF 5. The Parties briefed the Motion on an expedited schedule and the Court held a hearing on March 13, 2025. ECF 18. On March 17, 2025, the Court determined that Plaintiffs were likely to succeed on their Administrative Procedure Act ("APA") claims because the Department of Education ("DOE") likely acted arbitrarily and capriciously in terminating Plaintiffs' grants. ECF 32 at 30–42. The Court also determined that Plaintiffs Fifth Amendment claims were unlikely to succeed. *Id.* at 24–30.

2. The Court issued a preliminary injunction (the "Order") on March 17, 2025, requiring DOE to reinstate the subject grants within five business days from the date of the order. *Id.* at 1.

3. The Court lacked jurisdiction to consider Plaintiffs' claims. Disputes regarding contract terminations fall exclusively with the Court of Federal Claims pursuant to the Tucker Act. 28 U.S.C. § 1491(a). "[G]rant agreements [are] contracts when the standard conditions for a

contract are satisfied." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1338 (Fed. Cir. 2021); *see also San Juan City Coll. v. United States*, 391 F.3d 1357, 1360-62 (Fed. Cir. 2004) (treating a "Program Participation Agreement" and related grants under the Higher Education Act as a contract).

4. Moreover, the agency action at issue here is committed to agency discretion and thus falls outside the APA. *Lincoln v. Vigil*, 508 U.S. 182 (1993).

5. Although these arguments were not initially raised due to the expedited briefing schedule, arguments regarding subject matter jurisdiction can be raised at any time. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011).

6. Defendants respectfully ask that the Court rule on this motion within twenty-four hours. The Court's Order requires DOE to reinstate millions of dollars in grant funding by March 24, 2025. DOE received a list of over seventy grant recipients only today, March 18, 2025, leaving just four business days for compliance with the Court's Order. Immediately resolving the motion for reconsideration could obviate the need for an emergency interlocutory appeal and could prevent the release of grant money based on an erroneously issued order.

7. A memorandum of law is attached. ECF 36-1.

8. A proposed order is attached. ECF 36-2.

WHEREFORE, Defendants respectfully request the Court GRANT their motion to reconsider, VACATE its order partially granting Plaintiffs' Motion, and DISMISS this case for lack of subject matter jurisdiction.

Respectfully submitted,

KELLY O. HAYES
U.S. Attorney

/s/
Molissa H. Farber (802255)
Assistant U.S. Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4862
Molissa.Farber@usdoj.gov
*Counsel for Defendants*