**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| AMERICAN ASSOCIATION OF COLLEGES FOR TEACHER EDUCATION, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>LINDA MCMAHON,<br>AS SECRETARY OF EDUCATION, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00702-JRR |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RULE 60(B) MOTION TO DISSOLVE PRELIMINARY INJUNCTION AND REQUEST FOR INDICATIVE RULING UNDER RULE 62.1**

This motion seeks relief under Fed. R. Civ. P. 60(b) to dissolve the preliminary injunction entered by this Court on March 17, 2025 based on notions of judicial economy, the preservation of all parties' resources, and recognition that no party will suffer prejudice by avoiding the time and expense of an unnecessary appeal. Thus, pursuant to Rule 60(b)(6) the Court should set aside its preliminary injunction.

Because this action is currently on appeal to the United States Court of Appeals for the Fourth Circuit, Plaintiffs request an immediate indicative ruling under Fed. R. Civ. P. 62.1 that this Court would grant Plaintiffs' Rule 60(b) motion on remand. This will enable Plaintiffs to move for limited remand by the Fourth Circuit restoring this Court's full jurisdiction over the matter, thereby allowing the Court to rule on the merits of Plaintiffs' request for relief under Rule 60(b).

**PROCEDURAL HISTORY**

Plaintiffs initiated this action on March 3, 2025 by filing a Complaint and a Motion for a Preliminary Injunction requiring the Government to reinstate Plaintiff NCTR and Plaintiffs' member organizations' TQP, SEED, and TSL grants that were terminated in February 2025 and

1

removing the route pay grant conditions from the grants. (ECF Nos. 1, 5). On March 17, 2025, this Court granted Plaintiffs' Motion for a Preliminary Injunction in part, ordering the Department to reinstate the terminated TQP, SEED, and TSL grants that had been awarded to Plaintiff NCTR and Plaintiffs' member organizations in accordance with the Grant Award Notification terms and conditions in place immediately prior to their termination, and enjoining the Government from terminating any TQP, SEED, or TSL grant program awards in a manner that the Court determined is likely unlawful as violative of the Administrative Procedures Act. (ECF No. 33) (the "Preliminary Injunction").

The Government subsequently took an interlocutory appeal of the Preliminary Injunction to the U.S. Court of Appeals for the Fourth Circuit on March 21, 2025. (ECF No. 46). The Fourth Circuit set a briefing schedule, whereby the Government's opening brief and the joint appendix are due on May 5, 2025, Plaintiffs' response brief is due on June 2, 2025, and any reply brief is due within twenty-one days of service of a response brief. *AACTE et al. v. Linda McMahon et al.*, No. 25-1281 (4th Cir.), Dkt. No. 3.[1]

The Government moved this Court for a stay and suspension of the Preliminary Injunction pending appeal, (ECF No. 44), which this Court denied on March 21, 2025. (ECF No. 45). Immediately following this Court's denial of the stay motion, on March 25, 2025, the Government filed a time sensitive motion for stay pending appeal in the Fourth Circuit, which Plaintiffs opposed on April 1, 2025. (Dkt. Nos. 12. 19). The Government filed a reply in further support of its stay motion on April 4, 2024. (Dkt. No. 26).

While this case progressed in the District Court, the Attorneys General of multiple states pursued litigation of substantially overlapping issues of law under the Administrative Procedure

---

[1] Filings in the Fourth Circuit action correspond with the docket number ("Dkt. No.") in that court.

Act concerning the termination of grants under the same federal programs in *California v. United States Department of Education*, Civ. No. 1:25-cv-10548-MJJ, (D. Mass.). After the District of Massachusetts issued a temporary restraining order, the Government appealed to the U.S. Court of Appeals for the First Circuit. *See California v. U.S. Department of Education*, No. 25-1244 (1st Cir.). Similar to the case at bar, before the First Circuit, the Government filed an emergency motion to stay the district court's order. (No. 25-1244, Mot. to Hold Briefing Schedule in Abeyance (1st Cir. Mar. 12, 2025)). The parties fully briefed the motion, and the First Circuit denied the Government's request to stay. (No. 25-1244, Order (1st Cir. Mar. 21, 2025)).

On March 26, 2025, the Government submitted to the Supreme Court an Application to Vacate the Order issued by the United States District Court for the District of Massachusetts and Request for an Immediate Administrative Stay (the "Application"). *See Department of Education v. California*, No. 24A910 (U.S. Mar. 26, 2025).

On April 4, 2025, the Supreme Court granted the Government's Application and stayed the District of Massachusetts' order granting preliminary relief. *See Department of Education v. California*, No. 24A910 (U.S. April 4, 2025). That same day, Defendants here filed a notice letter in the Fourth Circuit advising of the Supreme Court's determination on the Application. (Dkt. No. 27). Upon consideration of the Supreme Court's order in *Department of Education v. California*, the Fourth Circuit granted a stay of the Court's Preliminary Injunction pending appeal on April 10, 2025. (Dkt. No. 30).

Therefore, this Court's Preliminary Injunction has been stayed -- and all grants' terminations and route pay status have been reinstated -- since April 10, 2025.

## LEGAL STANDARD

To obtain relief under Rule 60(b), Plaintiffs must show that their motion is timely, that they have a meritorious claim or defense, and that the opposing party would not be unfairly prejudiced

3

by having the judgment set aside. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (quoting *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)).[2] To obtain specific relief under Rule 60(b)(6), Plaintiffs must provide a "reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also Bartch v. Barch*, 721 F. Supp. 3d 380, 382–83 (D. Md. 2024) (commenting that Rule 60(b) is a "catchall provision" and applicable where "appropriate to accomplish justice") (citations omitted). The Court's analysis under Rule 60(b) is a "flexible" one and it "focuses on the particular facts of the case." *L.J. v. Wilbon*, 633 F.3d 297, 305 (4th Cir. 2011).

While an appeal is pending, a district court retains jurisdiction to consider a motion for relief under Rule 60(b). *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("[W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly."). The Fourth Circuit has instructed that, upon a filing of a Rule 60(b) motion while an appeal is pending, the district court may deny the motion, or may "issue an indicative ruling under Fed. R. Civ. P. 62.1 stating that a Rule 60(b) motion raises a substantial issue or would be granted." Fourth Circuit Appellate Procedure Guide (Dec. 2021) at 22-23; *see also Am. Coll. of Obstetricians & Gynecologists v. United States Food & Drug Admin.*, 506 F. Supp. 3d 328, 338 (D. Md. 2020) ("While a preliminary injunction is on appeal, a district court ordinarily may not dissolve or modify it . . . Upon a motion seeking such action, however, a court may issue an indicative ruling stating 'either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.' Fed. R. Civ. P. 62.1(a).").

---

[2] "Even though a preliminary injunction is not a 'final order,' courts have applied Rule 60(b)[] to dissolve or modify preliminary injunctions." *Stone v. Trump*, 400 F. Supp. 3d 317, 332 (D. Md. 2019).

**ARGUMENT**

This Court should, pursuant to Rule 60(b), dissolve the Preliminary Injunction. Although Plaintiffs continue to believe that this Court's Preliminary Injunction is well-reasoned and correct, subsequent developments in the appellate courts, described *supra*, warrant dissolving the Preliminary Injunction so that this matter can proceed in the ordinary course. This course of action facilitates judicial economy and the preservation of both Plaintiffs' and the Government's resources. Granting this motion will cause no prejudice to the Government. Given the procedural posture of the appeal, an indicative ruling pursuant to Rule 62.1(a) is appropriate.

When presented with such a request, this Court considers whether "justice requires" relief from an interlocutory order. *See Fayetteville Invs. v. Comm. Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991) (quoting 7 Moore's Federal Practice, ¶ 60.20, p. 60-170); *see also Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 404 F.3d 821, 825 (4th Cir. 2005) ("It has long been recognized that courts are vested with the inherent power to modify injunctions they have issued."); *Movie Sys., Inc. v. MAD Minneapolis Audio Distribs., a Div. of Smoliak & Sons, Inc.*, 717 F.2d 427, 430 (8th Cir. 1983) (permitting "any changes in [a preliminary] injunction that are equitable in light of subsequent changes in the facts or the law, or for any other good reason") (citation omitted).

Plaintiffs believe that the Fourth Circuit would affirm this Court's Preliminary Injunction upon full consideration of the merits. Nonetheless, proceeding with the appeal would waste judicial resources because, regardless of the outcome, the parties will return to this Court following resolution of the interlocutory appeal to litigate the merits of Plaintiffs' claims. The question is only whether that will happen now or months from now, after the Fourth Circuit decides the interlocutory appeal. Without the availability of the preliminary relief Plaintiffs so desperately needed in light of the Fourth Circuit's order, Plaintiffs propose to cut to the chase for the benefit

5

of all involved: granting the instant motion would simply allow the parties to develop a more fulsome record in this Court before any subsequent appeal.

Moving directly to further proceedings in this Court—in which any relief granted would itself be subject to review by the Fourth Circuit—would save judicial resources in both this Court and in the Fourth Circuit. The dissolution of the Preliminary Injunction now will save both Plaintiffs and the Government the unnecessary time and expense of briefing and arguing the interlocutory appeal.[3]

The Government cannot plausibly claim prejudice from a request that will spare it additional proceedings in the Fourth Circuit.[4] This is especially so where the request is to dissolve the very Order from which the Government noted an appeal in the first instance. The relief Plaintiffs seek in this Court is essentially the same as the relief the Government seeks in the Fourth Circuit. For that reason alone, any argument that the Government would suffer prejudice is illogical.

For all the foregoing reasons, justice requires dissolution of the preliminary injunction. Accordingly, the Court should issue an indicative ruling that the Court would dissolve the preliminary injunction if permitted to do so on remand for this purpose.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an indicative ruling pursuant to Rule 62.1 that it would grant Plaintiffs' Rule 60(b) motion.

---

[3] This is why Plaintiffs contemporaneously move to shorten the time for the Government's response. A resolution of this issue in advance of briefing in the Fourth Circuit is beneficial to all parties.

[4] On April 22, counsel for Plaintiffs requested the Government's position with regard to a request to dissolve the Preliminary Injunction. To date, the Government has not advised of its position.

Dated: April 27, 2025                                Respectfully Submitted,

*/s/ Joshua W.B. Richards*
Joshua W.B. Richards (*Admitted Pro Hac Vice*)
Carolyn M. Toll (*Admitted Pro Hac Vice*)
SAUL EWING LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
Tel: (215) 972-7737
joshua.richards@saul.com
carolyn.toll@saul.com

Daniel M. Moore (Bar No. 21834)
SAUL EWING LLP
1001 Fleet Street, Ninth Floor
Baltimore, Maryland 21202-4359
Telephone: (410) 332-8734
Facsimile: (410) 332-8862
daniel.moore@saul.com

*Counsel for Plaintiffs*